GRANDVIEW HEIGHTS (City), Plaintiff-Appellant, v. REDICK, Director of Public Service et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5374. Decided February 16, 1956.

Thomas W. Maxson, Solicitor, Columbus, for plaintiff-appellant.

Chalmers P. Wylie, City Atty., Russell Leach, Senior Asst. City Atty., John W. E. Bowen, Asst. City Atty., Columbus, for defendants-appellees.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a demurrer to the petition for the reason that the same does not constitute a cause of action, and since plaintiff desired not to plead further a final judgment was entered.

The record reveals that the action was instituted by the City of Grandview Heights, a municipal corporation, against the City of Columbus seeking an injunction restraining said City from fixing a water rate for the residents of the City of Grandview in excess of ten per cent of the rate charged the consumers in the City of Columbus. It is alleged that such an excess rate has been fixed and that the same is in violation

of the provisions of §743.13 R. C. The following errors have been assigned:

(1) The Court of Common Pleas, Franklin County erred in sustaining the demurrer as filed by the defendants against the plaintiff's petition.

(2) The Court of Common Pleas erred in declaring §743.13 R. C. unconstitutional and unenforceable as being in contravention with Section 4, Article XVIII, Ohio Constitution.

A consideration of the first assignment requires an examination of §743.13 R. C., for a determination of whether or not its provisions are applicable to a municipal corporation. Counsel for the plaintiff-appellant have filed a lengthy brief in which only the constitutionality of the cited section is discussed. However, this question does not arise until there is a determination as to the applicability of the section to a municipal corporation. Judge Harter in a well-considered opinion held that a municipal corporation is not a "person" under the provisions of the Act, and therefore could not be subject to the limitations contained therein. It will be noted that the section begins wih the words "When any person," etc. * * *. The word "person" is defined in §1.02 R. C., in the following manner:

"As used in the Revised Code, unless the context otherwise requires:

\* \* \* \* \*

(B) " 'Person' includes a private corporation; and, when used to designate the owner of property which is the subject of an offense, includes not only natural persons but also every other owner of property."

According to this definition the term includes a private corporation and since it makes no mention of a municipal corporation it must be concluded that it was the intention of the Legislature not to include the same. The maxim "Expressio unius est exclusio alterius" seems particularly applicable here. And also we find nothing in the context of §743.13 R. C., which requires a definition different from that defined supra. See City of Lackland v. Shaver, 98 N. E. (2d) 643, 44 O. O. 189, which is in accord with our views.

Counsel for the appellant urges that since the demurrer does not specify the grounds for the same, that it shall be regarded as objecting only to the extent that the Court does not have jurisdiction of the subject of the action or that the petition does not state facts which show a cause of action. Citing, §2309.09 R. C.; State, ex rel. Spiker v. Industrial Commission, 141 Oh St 174. We do not think the demurrer challenges the plaintiff's legal capacity to bring the action, but rather that the plaintiff is not entitled to the benefits enumerated under §743.13 R. C.; hence, no cause of action is stated. Under our interpretation of the statute, its constitutionality becomes only an academic question which this Court is not required to pass upon.

The first assignment of error is not well taken, and we express no opinion on the second. The judgment is affirmed.

HORNBECK and CONN, JJ, concur.